**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **ALEJANDRO GARCIA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-cv-463 (MTT)** |
| | ) | |
| **CHEWY, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>ORDER</u>

On October 31, 2025, the Court granted Plaintiff Alejandro Garcia's motion to proceed *in forma pauperis* ("IFP") and ordered him to recast his complaint to address deficiencies. ECF 3. Garcia has since filed an amended complaint, and because he is proceeding IFP, the Court must screen and dismiss his complaint if: (1) if it is frivolous or malicious; (2) if it fails to state a claim upon which relief may be granted; or (3) if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[1] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010)

---

[1] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.*" In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (citation modified).

(citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Because Garcia is proceeding pro se, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation modified). That said, "the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008).

Garcia alleges the following facts. Defendant, Chewy, Inc., hired Garcia in March 2021 to work as an IT service/desk analyst performing duties "fully remote in nature." ECF 4 ¶ 10. Plaintiff suffers from multiple disabilities, including "diabetes, neuropathy, panic attacks, depression, and anxiety." *Id.* ¶ 11. Plaintiff alleges that because of these disabilities he is at "risk of medical emergencies when exposed to stress, long driving distances, or isolation in late-evening hours" and that he is a qualified individual under the ADA. *Id.* ¶¶ 11, 31. Plaintiff's office shift was from 2:00 p.m. to 10:30 p.m., but the office "routinely emptied out after 7:00 p.m. and was completely empty on Saturdays." *Id.* ¶ 12. "Plaintiff faced legitimate and serious medical fears of experiencing a medical emergency alone and without help during these hours." *Id.* While Garcia attempted to report to the office on several occasions "neuropathy in his legs caused severe pain and cramping even with medication" and "his glucose levels fluctuated unpredictably, causing dizziness and lightheadedness." *Id.* ¶ 13. These conditions made office attendance unsafe for Garcia. *Id.*

Garcia informed management of his medical limitations and formally requested ADA accommodations on October 18, 2023. *Id.* ¶ 14. To support his request, Garcia provided medical documentation confirming his limitations and need for remote work or

reassignment to another shift that did not require in-office presence. *Id.* ¶ 15. Plaintiff repeatedly complied with requests to update his paperwork, but "AbsenceOne incorrectly closed the case claiming non-receipt, despite confirmations from Plaintiff's doctor's office." *Id.* ¶ 16. Garcia reopened his request. *Id.* ¶ 17. One manager told Garcia he anticipated Garcia would be able to continue working from home. *Id.* ¶ 18. Another manager told Garcia third shift employees were not required to report on site. *Id.* ¶ 20. But other managers dismissed Garcia's condition, "implying Plaintiff was 'making excuses,'" and expressing "judgments about his medical needs despite having no medical training or access to his protected medical information." *Id.* ¶ 19.

Plaintiff offered to "temporarily resign in two weeks if the accommodation was ultimately denied after HR review." *Id.* ¶ 22. On November 28, 2023, during a Zoom meeting with management, Garcia attempted to explain his position. *Id.* ¶ 23. Managers rejected each alternative to in-office work that Garcia proposed. *Id.* ¶ 24. One manager "became hostile and aggressively demanded Plaintiff 'come in or resign right now,' dismissing Plaintiff's proposal to await HR's decision." *Id.* ¶ 25. Defendant "recorded Plaintiff as having resigned immediately," but Defendant actually terminated Garcia because he never resigned. *Id.* ¶ 27.

Garcia brings four claims against his former employer, Chewy, Inc. He asserts Chewy, Inc. (1) discriminated against him on the basis of his disability in violation of the 42 U.S.C. § 12112, (2) failed to accommodate his disability in violation of 42 U.S.C. § 12112(b)(5), (3) retaliated against him for engaging in statutorily protected activity in violation of 42 U.S.C. § 12203, and (4) wrongfully terminated him. ECF 4 at 7–10.

Garcia adequately states a claim for disability discrimination, failure to accommodate, and wrongful termination. Title I of the ADA makes it unlawful for employers to discriminate against an otherwise qualified individual based on his disability. 42 U.S.C. § 12112(a). Discrimination under the ADA includes an employer's failure to provide a reasonable accommodation and an adverse employment action against an employee because of his disability. *See Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1262 (11th Cir. 2007). A plaintiff establishes a prima facie case of discrimination when the plaintiff shows (1) he has a disability; (2) he is a qualified individual under the ADA; and (3) the employer discriminated against him "on the basis of disability." *See Beasley v. O'Reilly Auto Parts*, 69 F.4th 744, 754 (11th Cir. 2023); 42 U.S.C. § 12112(a). Garcia alleges he suffers from a disability. *Id.* ¶ 11. He alleges he is a qualified individual under the ADA. *Id.* ¶ 31. And he also alleges his employer discriminated against him on the basis of his disability by failing to provide him with a reasonable accommodation as well as by terminating his employment. Thus, counts one, two, and four may proceed.

To establish a prima facie case of retaliation under the ADA, a plaintiff must show that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there was a causal link between the protected expression and adverse action. *Massa v. Teamsters Loc. Union 79*, No. 23-13855, 2025 WL 274426, at *4 (11th Cir. Jan. 23, 2025). Construing Garcia's pro se complaint liberally, he adequately alleges retaliation. He alleges he engaged in a statutorily protected expression—filing a formal ADA accommodation request. ECF 4 ¶ 14. He alleges he suffered an adverse employment action, namely termination. *Id.* ¶ 27. And the complaint

also alleges one of Garcia's managers became hostile and aggressive to Garcia, telling him "come in or resign right now" before HR had even made a decision on Garcia's accommodation request, suggesting a causal link between his accommodation request and his termination. *Id.* ¶ 25. Thus, Garcia's claims are sufficient to proceed past the Court's frivolity review.

Accordingly, it is **ORDERED** that service be made on the defendant, Chewy, Inc., by the United States Marshal Service. The plaintiff is advised that he must serve upon opposing counsel (or the defendant if the defendant is not represented by counsel) copies of all motions, pleadings, discovery, and correspondence (including letters to the Clerk or to a judge) filed with the Clerk of Court. Fed. R. Civ. P. 5(a). The plaintiff shall include with any paper which is filed with the Clerk of Court a certificate stating the date on which a true and correct copy of that paper was mailed to the defendant or the defendant's counsel. The Clerk of Court will not serve or forward to the defendant or the defendant's counsel copies of any materials filed with the Court.

In addition, the following limitations are imposed on discovery: except with written permission of the Court first obtained, (1) interrogatories may not exceed twenty-five to each party (Local Rule 33.1), (2) requests for production of documents and things under Rule 34 of the Federal Rules of Civil Procedure may not exceed ten requests to each party (Local Rule 34), and (3) requests for admissions under Rule 36 of the Federal Rules of Civil Procedure may not exceed fifteen requests to each party (Local Rule 36).

The plaintiff is responsible for diligently prosecuting his complaint and failure to do so may result in dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. The plaintiff is required to keep the Clerk of Court advised of his current address during

the pendency of this action. Failure to promptly advise the Clerk of any change of address may result in the dismissal of this action.

**SO ORDERED**, this 18th day of December, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT