**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **ALEJANDRO GARCIA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:25-cv-463 (MTT)** |
| ) | |
| **CHEWY, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**ORDER**

Before the Court is Defendant Chewy, Inc.'s motion to compel arbitration and stay proceedings. ECF 16. In an effort to afford Garcia, who is proceeding *pro se*, adequate notice and time to respond to Defendant's motion, the following notice is given. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985). If Garcia wishes to respond, he must do so no later than **TWENTY-ONE DAYS from the receipt of this Order**.[1] Garcia may submit his argument to the Court by filing a brief in response to Defendant's motion. Unless the Court has granted prior permission, any brief should not exceed 20 pages. M.D. Ga. L.R. 7.4.

The Court evaluates a motion to compel arbitration using the following standard. "When a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the [Federal Arbitration Act] compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). The party

---

[1] The Clerk is **DIRECTED** to mail a copy of the motion to compel arbitration and its exhibits (ECF 16; 16-1; 16-2). to Garcia at his last known address. Thereafter, all notices or other papers may be served on Garcia directly by mail at his last known address.

seeking to compel arbitration has the initial burden of demonstrating that a valid arbitration agreement exists and that the dispute in question falls within its scope. *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1330 (11th Cir. 2016). In analyzing whether an agreement to arbitrate exists, the Eleventh Circuit has instructed district courts to employ a "summary judgment-like standard"; in doing so, "a district court may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if there is no genuine dispute as to any material fact concerning the formation of such an agreement." *Id.* at 1333; *see also Reiterman v. Abid*, 26 F.4th 1226, 1233 (11th Cir. 2022) ("[T]he FAA expressly provides that district courts may consider evidence when determining whether an arbitration agreement exists."). "If the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party [opposing arbitration] . . . the court shall hear and determine such issue." 9 U.S.C. § 4.

Under Federal Rule of Civil Procedure 56, summary judgment can be granted only if there are no genuine disputes as to any material fact and if the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute cannot be said to be "genuine" where "it is unsupported by the evidence or is created by evidence that is merely colorable or not significantly probative." *Bazemore*, 827 F.3d at 1333. Moreover, "conclusory allegations without specific supporting facts have no probative value for a party resisting summary judgment." *Id.* To establish that a genuine fact dispute exists, the party opposing summary judgment must respond by filing affidavits or other materials to persuade the Court that the case must be presented to a jury for resolution. Fed. R. Civ. P. 56(c);

-2-

*Celotex*, 477 U.S. at 324. Therefore, Rule 56 provides that a party may NOT oppose summary judgment simply by relying on the allegations in his or her pleadings.

Accordingly, if Garcia does not timely respond to Defendant's motion to compel arbitration with affidavits or documentary evidence contradicting the material facts asserted in Defendant's motion, the Court may accept the factual assertions in the motion as true and grant Defendant's request to stay this case and compel arbitration of Garcia's claims.

**SO ORDERED**, this 11th day of May, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

-3-